UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOURCING UNLIMITED, INC., | ) | |
| d/b/a Jumpsource, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:20-CV-11955-ADB |
| ELEKTROTEKS, LLC, SERKAN GULER, | ) | |
| JOHN E. FOX, INC., HARRY BERZACK, | ) | |
| POLANCO INDUSTRIAL CORP., | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS ASSESSMENT FOLLOWING THE COURT'S DEFAULT JUDGEMENT ON ITS CLAIM FOR VIOLATION OF VIOLATION OF M.G.L. c. 93A AND RICO, 18 U.S.C. § 1962

Now comes Plaintiff, Sourcing Unlimited dba Jumpsource ("Jumpsource"), by and through undersigned counsel, and respectfully requests that, pursuant to the default judgment entered in this action, the Court assess attorneys' fees and costs in the following amounts:

**METAXAS BROWN PIDGEON LLP:**

**Total Fees: $129,992.00**

**Total Costs: $3185.75**

In support of its motion, Plaintiff, Jumpsource relies on the facts alleged in the complaint, the existing record and the fee amounts set forth in the accompanying affidavit of Attorney Orestes G. Brown.

## Legal Support of Attorneys' Fees Award Pursuant to RICO, 18 U.S.C. § 1962 and M.G.L. c. 93A

"If a plaintiff has been injured in his business or property by a RICO violation, a court must award attorneys' fees. To calculate a reasonable attorney's fee, the Court will begin with the

number of hours listed in the contemporaneous billing records for each person who worked on the plaintiff's case. Gay Officers Action League, 247 F.3d at 295; see also id. at 297 (noting potential penalty for poor time records). The Court will discount for time spent on unsuccessful claims that are unrelated to the successful RICO claims and can easily be severed. Supra p. 24. Furthermore, the Court will discount for excessive hours, Gay Officers Action League, 247 F.3d at 295, and may use its discretion to discount for time spent on unsuccessful but interconnected claims, supra p. 24. Once the Court determines the reasonable number of hours that each person worked on the plaintiff's case, the Court will sum the product of each person's hours multiplied by a reasonable hourly rate to achieve the lodestar figure. There is a "strong presumption" that the lodestar figure is "reasonable."

System Mgt. v. Loiselle, 154 F. Supp. 2d 195, 208 (D. Mass. 2001)

Massachusetts General Laws c. 93A, § 9(4) and General Laws c. 93A, § 11 are based on same policy standards with respect to awards of counsel fees and costs. T*rempe v. Aetna Casualty & Surety Co*. (Mass. App. Ct. 1985), 20 Mass. App. Ct. 448, superseded by statute as stated in *Greelish v. Drew* (Mass. App. Ct. 1993), 35 Mass. App. Ct. 541, superseded by statute as stated in *Rhodes v. AIG Domestic Claims, Inc*. (Mass. 2012), 461 Mass. 486, superseded by statute as stated in *Auto Flat Car Crushers, Inc. v. Hanover Insurance Company* (Mass. 2014), 469 Mass. 813.

General Laws c. 93A, § 11 states, if there is a violation of 93A Section 2, to award, reasonable attorney fees and costs incurred in connection with the action.  To wit: "If the court finds in any action commenced hereunder, that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and costs incurred in said action."

2

G.L. c. 93A, § 11 (paragraph four) (LexisNexis, Lexis Advance through Act 82 of the 2016 Legislative Session).  An award of attorney's fees is required by General Laws c. 93A, § 11 upon a finding that a claimant has been adversely affected by an unfair or deceptive act or practice. *Oronoque Realty Corp. v. Spencer* (Mass. App. Div. 2004), 2004 Mass. App. Div. 107, 2004 Mass. App. Div. LEXIS 33.

A party can recover attorney's fees under General Laws c. 93A, § 11 where, as here, Defendant, Polanco Industrial's conduct had some adverse effect upon Jumpsource. *See Jet Line Services, Inc. v. American Employers Insurance Co*., 404 Mass. 706, 718 (1989). An award of attorney's fees under General Laws c. 93A, § 11 is also appropriate where a plaintiff succeeds in obtaining equitable relief such as an injunction, despite the absence of damages. *Milliken & Co. v. Duro Textiles*, LLC, 19 Mass. L. Rep. 509 (2005) aff'd,(Mass. 2008), 451 Mass. 547, 887 N.E.2d 244, 2008 Mass. LEXIS 260.

Moreover, fees awarded pursuant to Massachusetts statutory authority must not necessarily be reduced because they are high in relation to the award of damages. *Arthur D. Little Int'l v. Dooyang Corp*., 995 F. Supp. 217, 225 (D. Mass. 1998).  Further, the award of attorney's fees to a prevailing party need not be limited to General Laws c. 93A claims where the claims represent various elements of damages arising out of a single chain of events.  *See Di Marzo v. Am. Mut. Ins. Co.*, 389 Mass. 85, 106 (1983) (citing *Simon* v. *Solomon*, 385 Mass. 91, 112 (1982)); *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co*., 445 Mass. 411, 431, 837 N.E.2d 1121 (2005) (where the factual predicate for the c. 93A claim is the same as that for other claims, the court need not segregate out the fees and costs related to developing such facts.); *Oronoque Realty Corp. v. Spencer* (Mass. App. Div. 2004), 2004 Mass. App. Div. 107

n.2, 2004 Mass. App. Div. LEXIS 33. The law in the Commonwealth is clear that no reduction is

appropriate in a case, as here, where all the counts are based on the same facts:

> "where some particular matter gave rise to common law as well as Chapter 93A
> liability, this should result in no apportionment or reduction of charges . . ." *Id.* "It
> is well settled . . . that 'where a single chain of events gives rise to both a common
> law and a Chapter 93A claim, apportionment of legal effort between the two
> claims is not necessary.'" *Clamp-All Corp. v. Foresta,* 53 Mass.App.Ct. 795, 813,
> 763 N.E.2d 60 (2002), quoting *Hanover Ins. Co. v. Sutton,* 46 Mass.App.Ct. 153,
> 177, 705 N.E.2d 279 (1999). See also *Drywall Sys., Inc. v. ZVI Constr. Co.,
> Inc.,* 435 Mass. 664, 673, 761 N.E.2d 482 (2002), quoting *DiMarzo v. American
> Mut. Ins. Co.,* 389 Mass. 85, 106, 449 N.E.2d 1189 (1983) ("where claims
> 'represent various elements of damage arising from a single chain of events,' . . .
> the attorneys fees need not be limited to G.L.c. 93A claims").

*Kurker v. Shoestring Props., Ltd. P'ship*, Nos. 119315, BACV2002-00362, 2010 Mass. Super.

LEXIS 378, at *9 (Oct. 14, 2010).

In *Mustapha v. DaimlerChrysler Co.*, 23 Mass. L. Rep. 480, 2008 Mass. Super. LEXIS

45 (2008), this Court (Lu, J.) stated it "will not attempt to apportion the time spent on

[Plaintiff's] various claims because they all arose from the same chain of events and are factually

and legally interrelated." *Id.* at 46.  Further, this Court (Lu, J.) also awarded attorneys' fees in

*Mustapha* for all *unsuccessful claims* because those claims were related to the successful ones.

This Court stated:

> The court will similarly not attempt to distinguish the legal fees incurred in bringing the
> claims that were dismissed before trial from the other claims. In her complaint, Mustapha
> pled sixteen counts. Before trial, the counts against DaimlerChrysler for breach of
> contract and revocation of acceptance were dismissed. The claims against Clark for
> breach of express warranty, violation of the Lemon Law, and revocation of acceptance
> were also dismissed.
>
> Although Mustapha did not prevail on these claims, the court will not attempt to
> differentiate the hours spent on these claims versus the claims Mustapha prevailed on at
> trial. Because Mustapha very substantially prevailed at trial and because the unsuccessful
> claims are interconnected with the successful claims, as they require proof of the same or
> similar elements, Mustapha is eligible to receive attorneys fees even on her unsuccessful
> claims.

4

*Id.* at 48 (citing *Killeen v. Westban Hotel Venture, L.P.*, 69 Mass. App. Ct. 784, 792-93 (2007) (holding a party may recover attorneys' fees only on claims that are successful unless the unsuccessful claims are "sufficiently interconnected" with the claims on which the plaintiff prevails); *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (holding that a plaintiff should recover attorneys' fees on unsuccessful claims if the claims in the case are related and plaintiff has substantially prevailed in the case).

The amount of attorney fees to be awarded lies in the discretion of the trial court.  The relevant factors the court should consider are "the nature of the case and the issues presented, the time and labor required [how long the trial lasted], the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum v. Archambault*, 379 Mass. 381, 388--89 (1979), *overruled on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 418 Mass. 737 (1994). *See also Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 629, 382 N.E.2d 1065 (1978); *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 324-25, 613 N.E.2d 881 (1993); *Giuliano v. Piantkowski*, 20 Mass. L. Rep. 17 n.17 (2005).  Further, in awarding attorney's fees, a trial judge has the opportunity to determine the amount of preparation reasonably required for the litigation, the work actually done by a prevailing party's team, and is most familiar with the expertise and experience of the prevailing attorneys. *Oronoque Realty Corp. v. Spencer* (Mass. App. Div. 2004), 2004 Mass. App. Div. 107, 2004 Mass. App. Div. LEXIS 33.

The goal is to fashion an award equal to what the services were "objectively worth," as opposed to an award added to the attorney's usual charges. *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 629 (1978).  For services to be compensable under the statute, there must also be a relationship "between the depth of the services provided and what is at stake." *Morse v. Mut. Fed. Sav. & Loan Ass'n*, 536 F. Supp. 1271, 1283 (D. Mass. 1982).  In other words, counsel handling a modest Chapter 93A claim cannot "proceed as if conducting a multimillion-dollar class action" and expect an award premised on normal billings for the services provided. *Morse v. Mut. Fed. Sav. & Loan Ass'n*, 536 F. Supp. at 1283. The services must be in proportion to "the amount *reasonably* in controversy." *Morse v. Mut. Fed. Sav. & Loan Ass'n*, 536 F. Supp. at 1283 (emphasis added). In determining what amount is reasonably in controversy, a court will not simply look to the actual amount of damages awarded, but rather will examine whether the value placed on the case by plaintiff's counsel was reasonable, and whether the efforts expended in seeking that potential value were reasonable. *See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 430--31 (2007) (upholding award of approximately $1,000,000 in legal fees where plaintiff recovered only approximately $118,000 in damages but had reasonably sought $13,000,000).

### Why The Fee and Cost Request is Reasonable

There is no question that all of Plaintiff Jumpsource's claims related to Defendant Polanco Industrial's engagement in a unlawful plan to convert Jumpsource's technology, inventory and customer base.   There is also no question that on a judgment of default Plaintiff's allegations against Polanco Corp. are "taken as true and . . . considered established as a matter of law." *Katahdin Paper Co. v. U&R Sys.*, 231 F.R.D. 110, 111 (2005) (quoting *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) ; *see also In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir.

2002) (citing *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability. . . ."); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'"); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1315, (2009) (Complaint's allegations "are deemed admitted pursuant to entry of default as to liability").

Consequently, the admitted violations of G.L. c. 93A and RICO mandate an award of Attorney's fees and in that regard, there is simply no need to attempt to apportion specific fees as they relate to specific counts. *See DiMarzo v. American Mut. Ins. Co.*, 389 Mass. 85, 106 (1983) ("Attorneys' fees need not be limited to G.L.c. 93A claims, where, as here, the claims `represent various elements of damage arising from a single chain of events.'") (quoting *Simon v. Solomon*, 385 Mass. 91, 112 (1982)); *see also Oronoque Realty Corp. v. Spencer* 2004 Mass. App. Div. 107, 2004 Mass. App. Div. LEXIS 33; *Mustapha v. DaimlerChrysler Co.*, 23 Mass. L. Rep. 480, 2008 Mass. Super. LEXIS 45 (2008) (Lu, J.).

Overall, as detailed in Attorney Brown's affidavit, it is clear that the fees incurred were reasonable and necessary and wholly aligned with the outcome of the case thus far.  More importantly, it simply cannot be forgotten that it was Jose Polanco and Polanco Industrial who invited this litigation by knowingly engaging in a scheme to steal Jumpsource's technology, inventory and customers while Polanco was a paid employee of Jumpsource.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs request the Court to assess attorneys' fees and costs in the following amounts:

**METAXAS BROWN PIDGEON LLP:**

**Total Fees: $129,992.00**

**Total Costs: $3185.75**

**Total Attorneys' Fees and Costs sought: $133,175.75**

Respectfully Submitted,

SOURCING UNLIMITED, INC.,
d/b/a JUMPSOURCE,
By its Attorneys,

*/s/ Bailey Buchanan*
Anthony M. Metaxas (BBO #344040)
Orestes G. Brown (BBO # 566431)
Bailey Buchanan (BBO # 651966)
METAXAS BROWN PIDGEON LLP
900 Cummings Center, Suite 207T
(978) 927-8000
ametaxas@metaxasbrown.com
obrown@metaxasbrown.com
bbuchanan@metaxasbrown.com

Dated:   February 7, 2022

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 7th day of February, 2022, I served a true and correct copy of the foregoing Plaintiff's **Motion for Attorney's Fees** by filing same via the court's CM/ECF electronic filing system, which will send notification of same to all counsel of record.

*/s/ Bailey Buchanan*
Bailey Buchanan