UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOURCING UNLIMITED, INC. d/b/a JUMPSOURCE, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | Civil Action No. 20-cv-11955-ADB |
| ELEKTROTEKS, LLC, SERKAN GULER, | * | |
| JOHN E. FOX, INC., HARRY BERZACK, | * | |
| and POLANCO INDUSTRIAL CORP., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER ON ELEKTROTEKS, LLC
AND SERKAN GULER'S MOTION TO STAY DISCOVERY**

BURROUGHS, D.J.

Defendants Elektroteks, LLC ("Elektroteks") and Serkan Guler ("Guler") moved to stay

discovery in this case.  [ECF No. 46].  For the reasons set forth below, the motion is DENIED.

## I.        BACKGROUND

Plaintiff Sourcing Unlimited, Inc. d/b/a Jumpsource ("Jumpsource") asserts several

claims against Elektroteks, Guler, Defendant John E. Fox, Inc. ("Fox"), Defendant Harry

Berzack ("Berzack"), and Defendant Polanco Industrial Corp. ("Polanco Corp.").  Jumpsource's

claims stem from an alleged scheme, carried out by the defendants and non-parties, to sabotage

and bankrupt Jumpsource.  [ECF No. 1 at 12–57 ("Compl.")].  The Court assumes the parties'

familiarity with the underlying factual allegations and claims, which are discussed in detail in the

Court's order granting in part and denying in part Elektroteks, Guler, Fox, and Berzack's

motions to dismiss.  [ECF No. 27].

Pursuant to the Court's Scheduling Order, fact discovery is scheduled to close on June 30, 2022.  [ECF No. 51].  Elektroteks and Guler have now moved to stay discovery, [ECF No. 46], which Jumpsource opposes, [ECF No. 57].  Fox and Berzack have not responded to the motion to stay, though Elektroteks and Guler represent that those defendants do not oppose the motion.  [ECF No. 60 at 2 n.1].

## II.      DISCUSSION

Relying on the prior-pending-action doctrine, Guler and Elektroteks move to stay discovery until a case pending in Essex County Superior Court (the "State Action") is resolved. [ECF No. 47 at 6–13].  Jumpsource initiated the State Action in 2016 and trial is currently set to begin on September 12, 2022.[1]  [ECF No. 47-2].  According to Guler and Elektroteks, because the State Action is premised on many of the same factual allegations and issues raised here, including that Jumpsource's former employee Jose Polanco ("Polanco") stole parts and molds from the company, a resolution in favor of the State Action defendants will require dismissal of most (if not all) of Jumpsource's claims before this Court.  [ECF No. 47 at 6–7, 9].

> Under the prior-pending-action doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit."

Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 540 (D. Mass. 2014) (quoting O'Reilly v. Curtis Pub. Co., 31 F. Supp. 364, 364–65 (D. Mass. 1940)).  When analyzing whether to stay an action under the doctrine, courts consider two factors: "(1) [whether] there exists an identity of issues between the two actions and (2) [whether] the

---

[1] Although the parties' motions represented that trial will begin on March 8, 2022, a review of the State Action's docket demonstrates that, since the motions were filed, the trial date has been moved to September 12, 2022.  See Order, Sourcing Unlimited, Inc. d/b/a Jumpsource v. Polanco, No. 1677-cv-01839 (Feb. 11, 2022).

controlling issues in the later-filed action will be determined in the earlier-filed action." Id. at

541 (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1360, at

89 (3d ed. 2004)).  Further, the parties between the two actions do not need to be identical, but

they must "share sufficient congruence of interests."  Id.  Courts have found that non-identical

parties' interests are sufficiently congruent where a defendant was the successor-in-interest to the

debt of the party in the prior action and the parties shared the same counsel, id., or where a party

was the owner of the defendant-company in the prior suit, Andy Stroud, Inc. v. Brown, 08-cv-

08246, 2009 WL 539863, at *10 (S.D.N.Y. Mar. 4, 2009).

Here, the plaintiff is identical in both actions, but the defendants are not.  At most,

Polanco, a defendant in the State Action, is the owner of Polanco Corp., but aside from an

opposition to a motion for default judgment, [ECF No. 71], the company has not appeared or

attempted to litigate this case.  See [ECF No. 62].  Otherwise, none of the defendants in this case

(i.e., Elektroteks, Guler, Fox, and Berzack) are parties to the State Action.  See [ECF No. 47-2 at

1–2 (listing State Action defendants)].  The factual allegations that are at the core of

Jumpsource's claims here overlap with many of the allegations in the State Action, but

Elektroteks, Guler, Fox, and Berzack are each defending their own conduct as part of an alleged

conspiracy and furthering their own interests.  Accordingly, Guler and Elektroteks have not

shown that the interests between the State Action defendants and the defendants in this case are

sufficiently congruent.

Even if the prior-pending-action doctrine factors were present here, whether to apply the

doctrine remains within the Court's discretion and is premised on the Court's inherent ability to

manage its own docket.  Quality One Wireless, LLC, 37 F. Supp. 3d at 541–42.  Thus, courts

also consider several other factors to determine whether a stay is appropriate, including:

(1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay [or dismissal].

Id. at 542 (quoting Universal Gypsum of Ga., Inc. v. Am. Cyanamid Co., 390 F. Supp. 824, 827 (S.D.N.Y. 1975)).

Elektroteks and Guler argue that these factors weigh in favor of a stay because (1) Jumpsource has "sat on its rights" in this litigation and cannot claim prejudice from a few months' delay; (2) if the State Action jury finds that Polanco did not steal the parts, then most of the claims in this case will need to be dismissed under the principle of issue preclusion; and (3) the parties here should not have to undertake costly discovery if a dismissal is possible in the near future. [ECF No. 47 at 9–12]. Jumpsource counters that no matter the outcome in the State Action, some of the claims here will still go forward, including the trademark infringement and defamation claims against Guler and Elektroteks. [ECF No. 57 at 19].

After considering the other stay factors, the Court still finds that a stay is inappropriate. Fundamentally, based on the briefing before it, it appears that at least some of Jumpsource's claims, like defamation and trademark infringement, would proceed regardless of the verdict in the State Action. Further if the verdict in the State Action does give rise to the defense of issue preclusion, Elektroteks and Guler will have the opportunity to raise that defense later in this litigation. There is also a low risk for inconsistent decisions in this case, where the State Action trial is set to begin before this case is likely to be trial ready and where no dispositive motions deadline has been set. The Court is sympathetic to Elektroteks and Guler's reasonable position that costly discovery should not be undertaken if an action will ultimately be dismissed, but it is unlikely that all claims will be resolved by the verdict in the State Action and a stay would, at

4

minimum, simply prolong the inevitable discovery that will need to occur for those claims.

Further, because Guler and Elektroteks are not defendants in the State Action, they will not be

faced with preparing for trial while also engaging in discovery in this case.

**III.     CONCLUSION**

Accordingly, for the reasons set forth above, Elektroteks and Guler's motion to stay,

[ECF No. 46], is <u>DENIED</u>.

**SO ORDERED.**

February 18, 2022                                           /s/ Allison D. Burroughs
                                                           ALLISON D. BURROUGHS
                                                           U.S. DISTRICT JUDGE