UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOURCING UNLIMITED, INC. d/b/a Jumpsource, <br><br> Plaintiff, <br> v. <br><br> ELEKTROTEKS, LLC, SERKAN GULER, JOHN E. FOX, INC., HARRY BERZACK, and POLANCO INDUSTRIAL CORP., <br><br> Defendants. | 1:20-CV-11955-ADB |

**SUPPLEMENTARY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT POLANCO INDUSTRIAL CORP. PURSUANT TO FED.R.CIV.P. 55(b)(2)**

Plaintiff Sourcing Unlimited, Inc. d/b/a Jumpsource ("Jumpsource") submits the following Supplemental Memorandum in support of Plaintiff's Motion for Default Judgment against Defendant, Polanco Industrial Corp. pursuant to this Court's Order dated April 12, 2024 [ECF 326]. In response to the Court's Order that Plaintiff account for "amounts already paid under any settlement or state court action" and "how the attorney's fees requested account for work attributable to prosecuting this matter against other Defendants" or explain the legal basis as to why Plaintiff need not account for any of these issues, Plaintiff states the following.

**AMOUNTS COLLECTED FROM THE DEFENDANTS IN THE RELATED STATE AND FEDERAL COURT ACTIONS**

Plaintiff has collected a total of $2,258,249.90 in settlement or judgment payments from the Defendants in both the State and Federal Court Actions. A portion of the judgments in the State Court Actions remain unpaid and outstanding.

> Courts have noted […] that the offset (sometimes called set-off) rule exists to prevent the risk of double recovery by plaintiffs and that the "non-

1

> settling defendant bears the burden . . . of establishing the extent to which a recovery against it would be duplicative of the plaintiff's recovery from the settling defendants." <u>RLI Ins. Co. v. King Sha Grp.</u>, 598 F. Supp. 2d 438, 447 (S.D.N.Y. 2009). Thus, where the nonsettling defendant has defaulted, some courts have held that the "defaulting party eschews the opportunity to carry this burden, and therefore does not demonstrate its entitlement to, or deserve the benefit of, a set-off." <u>State Farm Mut. Auto. Ins. Co. v. Grafman</u>, 968 F. Supp. 2d 480, 483-84 (E.D.N.Y. 2013). However, other courts have allowed an offset to the benefit of a defaulting defendant where the court found, for example, that an offset was required to avoid an excessive award, see <u>Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.</u>, 2012 U.S. Dist. LEXIS 68117, 2012 WL 1414872, at *9 (E.D.N.Y., Jan. 20, 2012), or where the plaintiff [*32] agreed to a setoff, see <u>State Farm Mutual Automobile Insurance Co. v. Kalika</u>, 2007 U.S. Dist. LEXIS 90322, 2007 WL 4326920, at *9 (E.D.N.Y., Dec. 7, 2007); see also <u>City of New York v. Golden Feather Smoke Shop, Inc.</u>, No. 08-CV-03966 CBA JMA, 2013 U.S. Dist. LEXIS 142127, 2013 WL 5502954, at *3 (E.D.N.Y. Oct. 1, 2013) (noting that some courts have adopted a "bright-line rule" that defaulting defendants may not benefit from an offset where other courts have "given a defaulting defendant the benefit of a settlement set-off where warranted based on the circumstances of the case"). The court has identified no First Circuit precedent on the question.

<u>Perna v. Martinez</u>, Civil Action No. 17-cv-11643-IT, 2021 U.S. Dist. LEXIS 63958, at *31-32 (D. Mass. Mar. 31, 2021). In <u>Perna v. Martinez</u>, Civil Action No. 17-cv-11643-IT, 2021 U.S. Dist. LEXIS 63958, at *31-32 (D. Mass. Mar. 31, 2021), the Court declined to "to resolve whether it should adopt a bright-line rule that a defaulting party may not benefit from an offset since the court finds that the specific circumstances of this case do not support the application of an offset for any amounts paid" where the Court flagged the issue of potential need for an offset and the defendant "has not addressed the issue by putting forth any argument as to why he should benefit from a credit."  Here, while defaulted party Polanco Industrial opposed Plaintiff's initial Motion for Default Judgment [ECF 71], it did not raise any or preserve any argument as to why it would benefit from any credit or offset and should be deemed waived.  Defendant Polanco Industrial was served with Plaintiff's renewed Motion for Default Judgment on December 1, 2023 and failed to file any opposition.  Having defaulted and failed to preserve raise any right to an offset in his

2

opposition [ECF 71] and failed to file any opposition to Defendants' renewed Motion [ECF 320] despite being served, Polanco Industrial should be deemed to have eschewed the opportunity.

**ATTORNEYS' FEES**

Plaintiff seeks an award of attorneys' fees for those fees incurred in this federal action from the preparation of the federal complaint [ECF 1] to the filing the Motion For Default Judgment on February 7, 2022 [ECF 68]; fees for the preparation of the Motion For Default Judgment dated December 1, 2023[1] and associated pleadings [ECF 317, 319, 320-321, 323-324] and the instant Supplementary Memorandum in response to the Court's Order, dated April 12, 2024 [ECF 326]. (*See* Supplemental Affidavit of Attorneys' Fees submitted herewith). Plaintiff is not seeking an award for attorneys' fees incurred prosecuting the claims against other Defendants' post the entry of default unless they are directly related to obtaining an default judgment against Polanco Industrial Corp.  Accordingly,

In the First Circuit, while it is possible for attorney's fees to be apportioned among defendants in cases of joint and several liability, it is not a requirement and is subject to the discretion of the court. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331 (1st Cir. 2008).  "In cases where the plaintiff has prevailed over more than one defendant, the court must determine whether the fee award should run jointly and severally against defendants or be apportioned between them.'" *Roggio v. Grasmuck*, 18 F. Supp. 3d 49, 60-61 (D. Mass. 2014) citing *Torres-Rivera*, 524 F.3d at 337.  "There is no uniform prescription as to how to apportion attorneys' fees; possible

---

[1] Noting "the joint nature of the defendants' alleged conduct," this Court denied Plaintiff's Motion For Default Judgment without prejudice on February 23, 2022 [ECF 74], but granting "leave to renew at a later date when the case has been adjudicated as to all the remaining defendants" and instructing "further, because the motion for default judgment is denied, the motion for attorneys' fees and costs, [ECF No. 69 ], is also <u>DENIED</u> with leave to renew at a later date."

3

schemes include equal division, division by relative liability, and division by assignment of time reasonably expended in litigating against each defendant." *Id.* "The guiding principle is equity; the district court should strive to determine 'the most fair and sensible solution' for apportioning the fee award." *Id.* (citations omitted).  Where the defendants likely acted in concert, similar to this case where Polanco Industrial has been found by the default entry to have engaged in an unlawful conspiracy, violations of the federal RICO Act and violations of M.G.L. c. 93A, Courts have found that apportionment of attorneys' fees is not appropriate.  *Id.*

This Court need not apportion Plaintiff's requested attorneys' fees award as Plaintiff has essentially already done so and only requests an award of attorneys' fees for those services required to file the complaint, comply with required initial disclosures, engage in limited emergency discovery initiated by defendants, survive motions to dismiss, obtain the entry of default, and to seek a default judgment against Polanco Industrial.  The awards of attorneys' fees are mandatory under M.G.L. c. 93A and the federal RICO statutes and Plaintiff has already reasonably apportioned the amount of attorneys' fees requested and is not seeking an award of attorneys' fees associated with prosecuting the claims against Polanco Industrial's co-conspirators through settlement.

## Why The Fee and Cost Request is Reasonable

There is no question that all of Plaintiff Jumpsource's claims are related to Defendant Polanco Industrial's engagement in a unlawful plan to convert Jumpsource's technology, inventory and customer base.   There is also no question that on a judgment of default Plaintiff's allegations against Polanco Corp. are "taken as true and . . . considered established as a matter of law." *Katahdin Paper Co. v. U&R Sys.*, 231 F.R.D. 110, 111 (2005) (quoting *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) ; *see also In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir.

2002) (citing *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability. . . ."); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'"); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1315, (2009) (Complaint's allegations "are deemed admitted pursuant to entry of default as to liability").

Consequently, the admitted violations of G.L. c. 93A and RICO mandate an award of attorneys' fees and in that regard, there is simply no need to attempt to apportion specific fees as they relate to specific counts. *See DiMarzo v. American Mut. Ins. Co.*, 389 Mass. 85, 106 (1983) ("Attorneys' fees need not be limited to G.L. c. 93A claims, where, as here, the claims `represent various elements of damage arising from a single chain of events.'") (quoting *Simon v. Solomon*, 385 Mass. 91, 112 (1982)); *see also Oronoque Realty Corp. v. Spencer* 2004 Mass. App. Div. 107, 2004 Mass. App. Div. LEXIS 33; *Mustapha v. DaimlerChrysler Co.*, 23 Mass. L. Rep. 480, 2008 Mass. Super. LEXIS 45 (2008) (Lu, J.).

Overall, as detailed in Attorney Brown's affidavit, it is clear that the fees incurred were reasonable and necessary and wholly aligned with the outcome of the case thus far.  More importantly, it simply cannot be forgotten that it was Jose Polanco and Polanco Industrial who invited this litigation by knowingly engaging in a scheme to steal Jumpsource's technology, inventory and customers while Polanco was a paid employee of Jumpsource.

|  |  |
|---|---|
|  | Sourcing Unlimited, Inc. d/b/a Jumpsource<br>By its attorneys,<br><br>*/s/ Orestes Brown*<br>Orestes G. Brown (BBO #566431)<br>Bailey Buchanan (BBO #651966)<br>Metaxas Brown Pidgeon LLP<br>10 Elm Street, Second Floor<br>Danvers, MA  01923<br>(978) 927-8000 |
| Dated: May 10, 2024 | obrown@metaxasbrown.com<br>bbuchanan@metaxasbrown.com |

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2(b), I, Bailey Buchanan, hereby certify that this pleading and all supporting documents filed through the ECF system on May 10, 2024 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

I, Bailey Buchanan, also hereby certify that instant pleading and all supporting documents filed through the ECF system on May 10, 2024, has been served on Defendant Polanco Industrial Corp. by electronic mailing to Counsel for Joselito Polanco and Polanco Industrial Corp. on May 10, 2024 indicated below.

Michael Stanley
Demeo LLP
66 Long Wharf
Boston, MA 02110
Tel - (617) 263-2600
Fax - (617) 263-2300
mstanley@demeollp.com


*/s/ Bailey Buchanan*
Bailey Buchanan, Esq. (BBO#651966)
bbuchanan@metaxasbrown.com

6